IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §  CRIMINAL NO. 4:21-CR-1-ALM-CAN-1 |
| | § |
| MACON WILLIAM HENLEY (1) | § |
| | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 6, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Maureen Smith.

On June 4, 2014, United States District Judge Ed Kinkeade sentenced Defendant to seventy (70) months imprisonment, three (3) years of supervised release, and a special assessment fee of $100. Defendant began his term of supervised release in 2018, and on January 8, 2021, jurisdiction was transferred to the Eastern District of Texas for supervision of release. The case was assigned to United States District Judge Amos L. Mazzant.

On February 10, 2021, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 9). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from any unlawful use of a controlled substance; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled

substances, except as prescribed by a physician; (5) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (7) Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse and Defendant shall abstain from the use of alcohol and/or all intoxicants during and after the completion of treatment.

The Petition asserts that Defendant violated these conditions because: (1) On February 4, 2021, Defendant was arrested and charged in the Eastern District of Texas with conspiracy to possess with the intent to manufacture, distribute, and the distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine and fifty (50) grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); (2) on November 2, 2020, Defendant reported to the U.S. Probation Office for drug testing and was observed attempting to falsify a urine sample, with Defendant thereafter admitting that he tried to falsify the sample because he knew he would test positive for methamphetamine; (3) on November 2, 2020, Defendant's urine sample tested positive for methamphetamine, and Defendant admitted to using methamphetamine; (4) Defendant failed to notify the U.S. Probation Office of a change in residence, with Defendant's probation officer learning during an October 30, 2020, unannounced home visit that Defendant had left the residence three months prior; (5) Defendant failed to notify the U.S. Probation Office of a change in employment, with Defendant's former employer notifying Defendant's probation officer that Defendant's employment was terminated on September 21, 2020; (6) Defendant failed to inform the U.S. Probation Office of contact he had with law enforcement on October 11, 2020, when Defendant was involved in a

shooting on Lake June Road in Dallas, Texas; and (7) Defendant failed to comply with drug testing by submitting a falsified urine specimen on November 2, 2020.

At the July 6, 2022 hearing, Defendant entered a plea of true to allegations 1 through 6. Dkt. 18. The District Judge subsequently granted the Government's motion to dismiss allegation 7. *See* Dkt. 21.

Defendant has consented to revocation of his supervised release and waived his right to appear before the District Judge. *See* Dkt. 19. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 6, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons for a term of twelve (12) months and one (1) day imprisonment, with no term of supervised release to follow. Additionally, the Court recommends Defendant be placed at the Federal Correctional Institute in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 18th day of August, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE